UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-24158-CIV-MORENO

REVA, INC.,

    Plaintiff,

vs.

HEALTHKEEPERS, INC. *et al*,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

THIS CAUSE came before the Court upon Defendants' Motion for Reconsideration **(D.E. 68)**, filed on **July 16, 2018**, of this Court's Order Remanding the Case to State Court **(D.E. 67)**, issued on **July 6, 2018**.

THE COURT has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendants argue that the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), confers subject matter jurisdiction. The statute provides subject matter jurisdiction over an action against "any officer (or person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . ." 28 U.S.C. § 1442(a)(1). A private party seeking to remove under the Federal Officer Removal Statute must satisfy four criteria: "(i) it must be a person; (ii) it must be acting under a federal officer or agency; (iii) it must be sued for actions under color of such office; and (iv) it must have a colorable federal defense." *Assocs.*

*Rehab. Recovery, Inc. v. Humana Med. Plan, Inc.*, 76 F. Supp. 3d 1388, 1391 (S.D. Fla. 2014) (Moore, J.).

Specifically, Defendants argue that because REVA has alleged that various Defendants have failed to pay REVA's usual and customary charges for claims submitted for services rendered to individuals who are enrollees in Medicare and the Federal Employees Health Benefits Act-governed Service Benefit Plan, Defendants may remove this case pursuant to the Federal Officer Removal Statute. Defendants' argument, however, presupposes that this case indeed involves claims for payment or coverage under Medicare or the Federal Employees Health Benefits Act. The Complaint does not allege a claim for payment or coverage under government plans, nor does it challenge the actions of Defendants with respect to their administration of any Medicare or Federal Employees Health Benefits Act plan.

To support their contention that REVA's claim is based on a federal plan, Defendants rely primarily on the Declaration of Lisa Strother, Litigation Management Consultant for Defendants Blue Cross and Blue Shield of Florida, Inc. and Health Options, Inc. Strother states that she "determined that, during the time period relevant to REVA's Complaint, Florida Blue ha[d] received and administered claims from REVA for providing . . . services to at least eight (8) individuals who are enrollees in the [Federal Employees Health Benefits Act]-governed Service Benefit Plan." D.E. 1-2 ¶ 47. As an example, Strother refers to patient B.Q., a patient allegedly enrolled in the Service Benefit Plan, wherein REVA rendered services to patient B.Q. in 2016 and the claims were "completely denied by Florida Blue under the Service Benefit Plan." *Id.* at ¶¶ 50-51. *See also id.* at ¶¶ 52-53 (stating that REVA's claims for services provided to patient M.T., a member of a Service Benefit Plan, in 2016, were denied by Defendant Florida Blue).

Defendants rely on *Anesthesiology Assocs. of Tallahassee, Fla., P.A. v. Blue Cross Blue Shield of Fla., Inc.*, where the Eleventh Circuit affirmed the district court's finding of federal subject matter jurisdiction over a provider who sued Blue Cross for denials of coverage for services allegedly covered by Medicare plans. No. 03-15664, 2005 WL 6717869, at *1 (11th Cir. Mar. 18, 2005). In *Anesthesiology*, the district court found federal jurisdiction under the Federal Officer Removal Statute, but noted that the complaint "does not contain specific factual allegations regarding the patients treated, the dates of services, or the dates that any claim was submitted to Blue Cross." *Anesthesiology Assocs. of Tallahassee, Fla., P.A. v. Blue Cross Blue Shield of Fla., Inc.*, No. 4:03-cv-00011 (D.E. 39 at 2) (N.D. Fla. Sept. 22, 2003) (Mickle, J.). The district court further concluded that "[t]he complaint does not limit itself to any category of Blue Cross subscribers and covers all of the patients covered by Blue Cross that [the plaintiff] treated." *Id.* Finally, the court noted that "[a] review by Blue Cross of its records identified numerous claims submitted by [the plaintiff] for patients covered by ERISA and [Federal Employees Health Benefits Act] health care plans." *Id.* The district court found federal officer removal jurisdiction because Blue Cross was "a government contractor administrating a federal health plan . . ." *Id.* at 4. In affirming the district court, the Eleventh Circuit concluded that "[a] number of the plans were covered by ERISA or by [the Federal Employees Health Benefits Act]," *Anesthesiology*, 2015 WL 6717869 at *1, and that the "suit [was] based on [the defendant's] failure to reimburse [the plaintiff] for services allegedly covered by the plans." *Id.* at *2.

Importantly, *Anesthesiology's* facts are materially distinguishable from the ones presented here. In *Anesthesiology*, the complaint made no mention of the specific patients treated or the types of plans at issue. The defendant's verified notice of removal, however, stated that the

3

"[p]laintiff [was] challenging Blue Cross's actions in paying benefits which were taken in the course of administering a federal government health benefits plan . . ." *Anesthesiology*, No. 4:03-cv-00011(D.E. 1 ¶ 23). Here, in their notice of removal, Defendants—by means of Strother's declaration—suggest that this case similarly involves Medicare and Federal Employees Health Benefits Act plans. Significantly, unlike the plaintiffs in *Anesthesiology*, REVA submitted a declaration from Michael Labinski, the company's Chief Financial Officer, wherein he states that "there are 15-20 claims at issue in this lawsuit" and the "lawsuit does not include any claims involving the Federal Employees Health Benefits Act, nor the Medicare Advantage program." D.E. 55-1 ¶¶ 5-6. Thus, this Court is faced with competing declarations. Defendants claim that this case involves the administration of certain government plans. Meanwhile, REVA offered evidence[1] to rebut Defendants' sworn statement—in the form of Labinski's declaration—and submits that said government plans are not encompassed in their Complaint.

The question, then, is whether Defendants have met their burden of providing that federal jurisdiction exists by a preponderance of the evidence. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). They have not because REVA properly rebutted Strother's declaration with its own declaration stating that, for purposes of this lawsuit, none of the claims involved Medicare or Federal Employees Health Benefits Act plans. Other district courts have similarly remanded cases for lack of subject matter jurisdiction because of conflicting affidavits. *See Mangano v. Garden Fresh Rest. Corp.*, No. 2:15-CV-123-FTM-29CM, 2015 WL 2199914, at *2 (M.D. Fla. May 11, 2015) (remanding case because the defendant did not meet its burden where plaintiff and defense counsel's "competing affidavits do not aid [the] [d]efendant in

---

[1] The Court may rely on the declaration submitted by REVA in its Motion to Remand (D.E. 55) because, "[i]n assessing whether removal [is] proper . . . the district court has before it only the evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007).

plausibly establishing the amount in controversy" for diversity jurisdiction); *Design Ctr. of the Americas, LLC v. Mike Bell Inc.*, 54 F. Supp. 3d 1339, 1342 (S.D. Fla. 2014) (Cohn, J.) (remanding case because the defendant did not meet its burden where there were "two conflicting affidavits" attempting to establish the amount in controversy for diversity jurisdiction).

As an aside, the Court notes that Defendants' declaration states that REVA rendered services to patients of Florida Blue and the claims were "completely denied." D.E. 1-2 ¶ 51. This complete denial theory is wholly inconsistent with the relief sought in this case. REVA's Complaint seeks reimbursement for **underpaid** emergency services. Indeed, this Court noted in its Order Remanding the Case to State Court, that "REVA's claims are more akin to a rate of payment dispute because REVA does not allege that Defendants **failed** to pay, but rather that Defendants 'grossly **underpaid** REVA' for its services." D.E. 67 at 6 (quoting D.E. 1-1 ¶ 2) (emphasis in original). Contrary to Defendants' contention, it is within the realm of reason that REVA seeks reimbursement for a handful of claims—not related to government plans—that occurred while REVA was providing services to Medicare or Federal Employees Health Benefits Act patients—for which REVA does not seek reimbursement for in this case. To be sure, "[A]ny doubts regarding the existence of federal jurisdiction" are to be resolved "in favor of the non-removing party." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Thus, Defendants have not met their burden of establishing subject matter jurisdiction and the case is to be REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th of July 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record